The Honorable Mike Beebe State Senator 211 West Arch Searcy, AR 72143
Dear Senator Beebe:
This is in response to your request for an opinion on the following questions concerning requirements pertaining to the services of architects and engineers in the State of Arkansas:
 1. What dollar construction cost must the building (or project) be to require the services of an architect or engineer?
(a) Public works or buildings
(b) Commercial works or buildings
(c) Public schools
(d) Private schools
 2. If building (or project) plans are prepared by an architect, as mandated by Arkansas law, must the engineering be done by an engineer registered in Arkansas?
(a) Structural
(b) Mechanical
(c) Electrical
 3. If the construction cost is enough that regulations require the services of a registered architect, is there a related cost that requires a registered engineer design the structural, mechanical and electrical systems?
 4. Recent legislation was to clarify when an architect or engineer was to be the lead design professional depending on the type of building (or project). Could we have your interpretation of specifics resulting from this legislation?
Your first question requires reference to A.C.A. §§ 22-9-101 (Supp. 1995) and 17-15-302 (Repl. 1995). With regard to "public works," § 22-9-101
states:
 (a) Neither the state nor any township, county, municipality, village, or other political subdivision of the state shall engage in the construction of any public works involving engineering or architecture for which the plans, specifications, and estimates have not been made by, and the construction executed under the observation of, a registered professional engineer or architect, in their respective areas of expertise, who are licensed to practice under the laws of Arkansas.
 (b) Nothing in this section shall be held to apply to any public works wherein the contemplated construction expenditure for an engineering project does not exceed twenty-five thousand dollars ($25,000) or for an architectural project does not exceed one hundred thousand dollars ($100,000).
 (c) This section shall not apply to any school district, county, municipality, or township project which is planned and executed according to plans and specifications furnished by authorized state agencies.
The term "public works" is not defined in § 22-9-101, but would presumably include construction of public buildings. Thus, as to public works or buildings, a registered architect is generally required for architectural projects exceeding $100,000 and a registered engineer is required for engineering projects exceeding $25,000.
Regarding commercial works or buildings, § 17-15-302(a)(4)(C) establishes an exemption under the Arkansas Architectural Act with respect to "[b]uildings that are constructed at a cost, not including site, of not to exceed seventy-five thousand dollars ($75,000). . . ." Residents of the State of Arkansas who do not use the title "architect" may act as designers for such buildings. Id. Thus, as to commercial works or buildings, $75,000 is the operative dollar construction cost above which architectural services must be performed by a registered architect. This also applies in the case of private schools. As for public schools, §17-15-302 contains an exemption, under subsection (c), for "any public school district where the cost of the building, alteration, or structure does not exceed the sum of one hundred thousand dollars ($100,000)." Seealso A.C.A. § 17-15-302(b)(1)(B), applicable to public school districts "embracing a city with a population in excess of thirty thousand (30,000), which maintains a full-time superintendent of buildings with engineering and architectural experience."
Section 17-15-302 pertains, specifically, to the practice of architecture. Other than as noted above with regard to public works (§22-9-101), there is no pivotal dollar construction cost in the case of engineering services. If the required service constitutes the practice of engineering (see A.C.A. § 17-30-101 (Repl. 1995)), it must be performed by a registered engineer.
In response to your second question, any person who practices engineering in this state without being registered in accordance with A.C.A. §17-30-101 et seq. (Repl. 1995) (governing the practice of engineering) is subject to criminal prosecution. See A.C.A. § 17-30-102(b). Provision is made for temporary permits for non-residents. See A.C.A. §§ 17-30-105(2) and -301(2). As a general matter, however, the practice of engineering is limited to those persons registered under Arkansas law.
It should perhaps be noted in this regard that one who makes application to be registered as an engineer, if found to be qualified, is registered either as a "professional engineer" or "engineer-intern." A.C.A. §17-30-302(a). There is no separate registration for the different disciplines or branches of engineering, i.e., structural, mechanical, electrical. The engineer must, however, practice within his or her area of competency. See, e.g., A.C.A. § 17-30-104. And all final engineering papers or documents, when issued or filed, must be signed by "the professional engineer qualified in the appropriate branch of engineering who prepared them or under whose immediate direction they were prepared." A.C.A. § 17-30-303(a)(2).
The answer to your third question is, I believe, "no." There is no related cost pertaining to engineering services. The question of the need for a registered engineer must be determined based upon the nature of the services required, regardless of whether an architect's services are necessary and regardless of the cost involved. But see A.C.A. § 22-9-101
($25,000 threshold for public works engineering project).
With regard to your last question, I am unable to provide specifics concerning this recently enacted legislation. Its application will, I believe, turn on the particular facts surrounding each building or project.[1] Its interpretation will develop case by case.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
[1] Act 834 of 1995, codified at A.C.A. § 17-30-104 (Repl. 1995), states as follows in Section 1:
 The provisions of this chapter affirm the legal authority of an engineer licensed under its provisions to provide consultation, investigation, evaluation, planning, and design of buildings intended for accommodation of equipment, vehicles, goods, and/or processes or other utilitarian functions, with human occupancy including office space as required for the support of these functions, provided the engineer is practicing within his or her area of competency as defined by this chapter.
See also Act 860 of 1995, § 1, codified at A.C.A. § 17-15-102(5)(B) (Repl. 1995).